IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ANDRE S. MYERS,**   **CASE NO. 2:07-cv-00129**
  **JUDGE WATSON**
  **Petitioner,** **MAGISTRATE JUDGE KEMP**

v.

**WARDEN, ROSS CORRECTIONAL INSTITUTION,**

  **Respondent.**

### REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the instant petition, respondent's return of writ, petitioner's traverse, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a successive petition.

### I. PROCEDURAL HISTORY

This action involves petitioner's August 20, 2002, conviction after a jury trial in the Franklin County Court of Common Pleas on kidnapping, aggravated burglary, and two counts of rape. Petitioner was sentenced to twenty-three years incarceration. See Petition. On November 10, 2005, Ohio's Tenth District Court of Appeals affirmed the judgment of the trial court. *State v. Myers*, 2005 WL 3009108 (Ohio appl. 10 Dist. November 10, 2005). On December 10, 2003, the Ohio Supreme Court dismissed petitioner's subsequent appeal. *State v. Myers*, 100 Ohio St.3d 1531 (2003). Petitioner also pursued a petition for post conviction relief in the state courts; however, the state courts denied his petition. *See Petition*. On November 19, 2004, petitioner filed his first petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. On August 17, 2005, final

judgment was entered dismissing the habeas corpus petition. *Myers v. Hurley*, Case No. 2:04-cv-1096, *Exhibit 2 to Traverse*.

On February 20, 2007, petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. Petitioner was deprived of his Sixth Amendment right to counsel by virtue of a conflict of interest between trial and appellate counsel.
>
> 2. Petitioner was denied his Sixth Amendment right to effective assistance of trial counsel.
>
> 3. Petitioner declares that the search warrants procured by Detective Wooten are invalid.
>
> 4. Petitioner was deprived of his Sixth Amendment right when the trial court imposed a sentence above the prescribed statutory maximum.

Plainly, this action constitutes as successive petition.

28 U.S.C. §2244(b)(3)(A) states that before a second or successive petition for a writ of habeas corpus can be filed in the district court, the applicant shall move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such successive motion or petition. *Nelson v. United States*, 115 F.3d 136 (2nd Cir. 1997); *Hill v. Hopper*, 112 F.3d 1088 (11th Cir.), *cert. denied*, 520 U.S. 1203 (1997). Unless the court of appeals has given approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997)(*per*

*curia*). Under §2244(b)(3)(A), only a circuit court of appeals has the power to authorize the filing of a successive petition for writ of habeas corpus. *Nunez v. United States*, 96 F.3d 990 (7th Cir. 1996).

That being the case, this Court is without jurisdiction to entertain a second or successive §2254 petition unless authorized by the Court of Appeals for the Sixth Circuit. The Sixth Circuit, in turn, will issue this certification only if petitioner succeeds in making a *prima facie* showing either that the claim sought to be asserted relies on a new rule of constitutional law made retroactive by the United States Supreme Court to cases on collateral review; or that the factual predicate for the claim could not have been discovered previously through the exercise of diligence, and these facts, if proven, would establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty. 28 U.S.C. §2244(b)(2).

The Sixth Circuit described the proper procedure for addressing a second or successive petition filed in the district court without **§**2244(b)(3)(A) authorization in *In re Sims, supra.*

> [W]hen a prisoner has sought §2244(b)(3)(A) permission from the district court, or when a second or successive petition for habeas corpus relief or §2255 motion is filed in the district court without §2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. §1631.

*Id. at 47; see also Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996)(per curia).

For the following reasons, the Magistrate Judge **RECOMMENDS** that the instant petition be **TRANSFERRED** to the Court of Appeals for the Sixth Circuit pursuant to §2244(b)(3)(A). Petitioner's motion for the appointment of counsel is **DENIED**, as moot.

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed

3

findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ Terence P. Kemp
United States Magistrate Judge